# ORIGINAL

## district-court of the United States: judicial-district of Delaware

Our one supreme court **held on new castle county, delaware district court on the land:**
**Yisra'el; common-wealth: a superior court of Law for the people,**
**original jurisdiction under Elohiym the creator:**

For the judicial-district: tens, fifties, hundreds, and thousands;
exclusive jurisdiction for the original district court

| | |
|---|---|
| phillip-allen: & rebecca-jane: non-corporate entity | ) CASE NUMBER: 08-491 SLR |
| | ) |
| V. | ) JUDGE: Sue L. Robinson |
| | ) |
| FICTITIOUS FOREIGN STATE: STATE OF DELAWARE & INDYMAC BANK, FSB | ) Claim Amended and Added: Related Case: |
| | ) Judge Kim R. Gibson, Case 3-2008-183 |

**JUDICIAL NOTICE: IN THE NATURE OF WRIT OF CORAM NON JUDICE & A DEMAND FOR DISMISSAL OR STATE THE PROPER JURISDICTION & A DEMAND FOR A REVERSAL OF JUDGMENT FOR CONVICTION FOR LACK OF JURISDICTION**

**Notice:** The use of statutes and Court Cases decisions are for the simple use of identifying the admissions of the United States and the officers for the United States. There shall be no presumed or assumed implication that the steward or the county are claiming a right of use, a change of law form or a change of jurisdiction. (See Annex 1 for a copy of the order from a related case 3:2008-183 issued by Judge Kim R. Gibson.)

Now comes phillip-allen: and rebecca-jane: are non corporate entities and as such are not a slave owners and therefore there is no reason to enforce the 1850 Fugitive Slave Act: with a **JUDICIAL NOTICE: IN THE NATURE OF WRIT OF CORAM NON JUDICE and A DEMAND FOR DISMISSAL and A DEMAND FOR REVERSAL OF JUDGMENT FOR CONVICTION FOR LACK OF JURISDICTION.**

**Pursuant to Corpus Juris:**

Agency can not be proven out of the mouth of the agent it must be proven out of the mouth of the principal and there was no one from the principal the STATE OF DELAWARE or INDYMAC BANK, FSB that never appeared in court to verify and validate what the attorney said. The allegations made by the agents against phillip-allen: and or rebecca-jane: counts for nothing. There was no evidence and no testimony out of the mouth of the principal. The agents had no authority evidenced by the principal to make or present any claims in the court. These facts nunc pro tunc is sufficient for reversal and dismissal of the STATE OF DELAWARE or INDYMAC BANK, FSB actions against phillip-allen: and or rebecca-jane:

**Pursuant to FEDERAL RULES OF EVIDENCE RULE 802:**

Any statements, briefs, motions, arguments, allegations or other wise from the agent, attorney or any other third party is in admissible in the court and counts for nothing against phillip-allen: and rebecca jane: The Corpus Juris declaration: Agency can not be proven out of the mouth of the agent it must be proven out of the mouth of the principal, affirms and validates the rules of evidence. All third parties statements are in admissible and of no consequence and establishes no authority or jurisdiction to present anything for the

principal. These facts nunc pro tunc is sufficient for reversal and dismissal of the STATE OF DELAWARE and INDYMAC BANK. FSB actions against phillip-allen: and or rebecca-jane:

### Pursuant to FEDERAL RULES OF CIVIL PROCEDURE Rule 4 (j)

The New Castle County Delaware Superior Court is defined under Federal Rules of Civil Procedure Rule 4 (j) as a FOREIGN STATE as defined under Title 28 United States Code 1602-1611 FOREIGN SOVEREIGN IMMUNITY ACT (FSIA). I phillip-allen: a living man on the land (See Annex 2 the scripture natural born record) is challenged and full disclosure of the true jurisdiction of New Castle County Delaware Superior Court is now being demanded for the record.

Because the court acting is in Coram Non Judice with out a judge, jurisdiction or authority all judgments are VOID pursuant to the court's Rules of Civil Procedure Rule 60 and the Federal Rules of Civil Procedure 60 Relief from Judgment or Order; (3) set aside a judgment for fraud on the court. (4) the judgment is void . The court has failed to prove jurisdiction in this action and because it hides behind Federal Rules of Civil Procedure Rule 4 (j) as a foreign state it has no jurisdiction to hear or make any ruling in this action.

**Any failure to disclose the true jurisdiction is a violation of 15 Statutes at Large, Chapter 249 (section 1), enacted July 27 1868.**

### Chap. CCXLIX. – An Act concerning the Rights of American Citizens in foreign States.

Whereas the rights of expatriation is a natural and inherent right of all people, indispensable to the enjoyment of the rights of life, liberty, and the pursuit of happiness; and whereas in the recognition of this principle this government has freely received emigrants from all nations, and invested them with the right of citizenship; and whereas it is claimed that such American citizens, with their descendants, are subjects of foreign states, owing allegiance to the government thereof: and whereas it is necessary to the maintenance of public peace that this claim of foreign allegiance should be promptly and finally disavowed; Thereof:

Be it enacted by the Senator and the House of Representatives of the United States of American in Congress assembled, That any declaration, instruction, opinion, order, or decision, of any officers of is government which denies, restricts, impairs or questions the rights of expatriation, is hereby declared inconsistent with the fundamental principles of this government.

As an America Citizen I hold the inherent right of the 11th amendment. The judicial power shall not be construed to extend to any suit in law or equity, commenced or prosecuted by a Foreign State. If this FOREIGN STATE is misusing my name as a man (referred to in the United States Constitution as an American citizen) placing it in all Caps or misusing the last name as using the term "person" as a CORPORATION then all complaints and suit against such CORPORATION fall under the FOREIGN SOVEREIGN IMMUNITY ACT and the DEPARTMENT OF STATE OFFICES in Washington DC. They now have to be notify pursuant to 22 CFR 93.1 -93.2. A copy of the FOREIGN SOVEREIGN IMMUNITY ACT (See Annex 3 for a copy of the Foreign Sovereign Immunity Act) must be file with the complaint to the defendant's chief executive officer of the CORPORATION.

MUNICIPAL, COUNTY, or STATE COURTS lack jurisdiction to hear any case under the FOREIGN STATE definitions. Said jurisdiction lies with the "district court for the United States Court of

Claims," otherwise known as the "original district court" established by congress in the states under Article III of the Constitution, which are "constitutional courts" and has not included in the territorial courts created under Article IV. Section 3. Clause 2. that are "legislative" courts  under the FOREIGN SOVEREIGN IMMUNITY ACT Statutes pursuant to Title 28 United States Code Rule 1101. exclusively, under the FSIA Statutes pursuant to 28 United States Code §1330.

The Defendants are non corporate entities and are not registered with any Secretary of State as a CORPORATION. It is an undisputed. conclusive presumption that phillip-allen: is not a CORPORATION and who is not registered with any Secretary of State as a CORPORATION **(See Annex 2 The Scripture Record)** and the Superior Court for New Castle County Delaware is a foreign state and the prosecution in the case has **FAILED** to state a claim to which relief can be granted under 12(b) (6). This is a FATAL DEFECT, and therefore, the instant case and all related issues are hereby DISMISSED WITH PREJUDICE for lack of personam, territorial and subject matter jurisdiction. Venue and pursuant to the 11th amendment of the constitution to the Bill of Rights as derived from Torah Law.

I phillip-allen: a natural living man and I rebecca-jane a natural living woman on the land on the county is now demanding that the court issue a REVERSAL OF JUDGMENT ORDER: Whereas the New Castle County Delaware Superior Court Civil Case No: 05L-10-099 FSS is void and that the case be with prejudice dismissed for lack of proper jurisdiction  See Annex 4 for a copy of the Civil Judgment Order.

I phillip-allen: a natural living man on the land on the county are now demanding that the court issue a REVERSAL OF JUDGMENT ORDER. Whereas the New Castle County Delaware Superior Court Criminal Case No: 0111003230 is void and that the case be with prejudice dismissed for lack of proper jurisdiction. See Annex 5 for a copy of the Criminal Probation Judgment Order.

### Writ of error *coram nobis*

**A common-law writ. the purpose of which is to correct a judgment in the same court in which it was rendered, on the ground of error of fact, for which statutes provides no other remedy, where facts did not appear of record, or was unknown to the court when judgment was pronounced, and which, if known would have prevented the judgment the judgment. and which was unknown, and could of reasonable diligence in time to have been otherwise presented to the court, unless one was prevented from so presenting them by duress, fear, or other sufficient cause.**

**Writ of error** *coram nobis* – A common-law writ of ancient origin devised by the judiciary, which constitutes a remedy for setting aside a judgment which for a valid reason should never have been rendered. 24 C.J.S.. Criminal Law § 1610 (2004).

**Writ of error** *coram nobis* ' principal function is to afford the court the court in which an aaction was tried an opportunity to correct its own record with reference to a vital fact not known when the judgment was rendered, and which could not have been presented by a motion for a new trial. appeal or other existing

statutory proceeding. Black`s Law Dictionary, 3rd edition, page 1861: 24 C.J.S., Criminal Law § 1606 b...page 145.

### Writ of coram non judice

In presence of a person not a judge. When a suit is brought and determined in a court which has no jurisdiction in the matter, then it is said to be coram non judice, and the judgment is void.

# CONCLUSION

WHEREAS, the facts and the law contained herein are before this court; and WHEREAS, the facts and the law contained herein are the truth; and WHEREAS, we hold said truths to be self-evident; and WHEREAS, self-evident Truths are undisputable and incontrovertible, no oral argument is requested, for no words can alter or overcome these Truths; and, WHEREAS, Truth is sovereign; She comes from the creator and bears His message, from whatever quarter her great eyes may look down upon you. Psalms 117:2; John 8:32; II Corinthians: 13.8.

*THEREFORE: this court must exercise its duty under the Rule of Law, do justice and DISMISS WITH PREJUDICE and issue a REVERSAL OF JUDGMENT ORDERS on New Castle County Delaware Superior Court Criminal Case 0111003230 issued by Judge M. Jane Brady and Judge Jerome O. Herlihy and DISMISS WITH PREJUDICE and issue a REVERSAL OF JUDGMENT ORDER on New Castle County Delaware Circuit Court Civil Case No: 05L-10-099 issued by Judge Fred F. Silverman.*

## Definitions

**Corpus Juris Secundum "*The Body of Law*" or Legal encyclopedia, Volume 7, Section 4: as quoted:**
"Attorney & client: An Attorney's "first" duty is to the Courts (1st) and the public (2nd) and not to the client (3rd), and wherever the duties to an attorney's client "conflict" with those interests that he/she owes his allegiance to, as an officer of the court in the administration of justice, the former must yield to the latter". The Biggest problem today is that People do not know their own rights & blindly entrust their rights to someone else.

**Foreign Court**
The courts of a foreign state or nation. In the United States, this term is frequently applied to the courts of one of the states when their judgment or records are introduced in the courts of another.

**Foreign jurisdiction**
Any jurisdiction foreign to that of the forum: e.g. a sister state or another country. Also the exercise by a state or nation jurisdiction beyond its own territory. Long - arm
Service of process is a form of such foreign or extraterritorial jurisdiction

**Foreign laws**
The laws of a foreign country, or of a sister state. In conflict of law, the legal principle of jurisprudence which are part of the law of a sister state or nation. Foreign laws are additions to our own laws, and in that respect are called "jus receptum"

**Foreign corporation**
A corporation doing business in one state though chartered or incorporated in another state is a foreign corporation as to the first state, and, as such, is required to consent to certain conditions and restriction in order to do business in such first state. Under federal tax laws, a foreign corporation is one which is not organized under the law of one of the states or territories of the United States. I.R.C. § 7701 (a) (5). Service of process on foreign corporation is governed by the Fed. R. Civ. P. 4 See also Corporation.

**Statue** – A legislative rule of law of society given the force of law by the consent of the governed. Webster's Dictionary. Notice that it does not say the majority of the governed nor the majority of the people.

**TITLE 26 - INTERNAL REVENUE CODE**. Subtitle F - Procedure and Administration CHAPTER 79 – DEFINITIONS Sec. **7701.** Definitions **(5)** Foreign The term "foreign" when applied to a corporation or partnership means a corporation or partnership which is not domestic.**"**

**Foreign service of process**
Service of process for the acquisition of jurisdiction by a court in the United States upon a person in a foreign country is prescribed by Fed. R. Civ. P. 4 (i) and 28 U.S.C.A. § 1608. Service of process on foreign corporation is governed by Fed. R. Civ. P. 4(d) (3).

**Foreign states**
Nations which are outside the United States. Term may also refer to another state; i.e. a sister state.

**Foreign immunity**
With respect to jurisdiction immunity of foreign nation, see 28 U.S.C.A 1602 et seq.

**Profiteering**
Taking advantage of unusual or exceptional circumstance to make excessive profit; e.g. selling of scarce or essential goods at inflated price during time of emergency or war.

**Person**
In general usage, a human being (i.e. nature person) thought by statute term may include a firm, labor organizations, partnerships, associations, corporations, legal representative, trustees, trustees in bankruptcy or receivers. National Labor Relations act, §2(1).

LEGAL DEFINITION UNDER FOREIGN SOVEREIGN IMMUNITY ACT – PERSON:
In general usage, a human being, by statute, however, the term can include firms, labor organizations, partnerships, associations, corporations, legal representatives, trustees, trustees in Bankruptcy, or receivers.

A corporation is a "person" for purposes of the constitutional guarantees of EQUAL PROTECTION OF LAWS and Due Process of Law.

A corporation is a" person" within meaning of equal protection and due process provisions of United States Constitution.

Foreign governments otherwise eligible to sue in United States courts are "persons" entitled to institute a suit for treble damages for alleged antitrust violations under the Clayton Act (15 U.S.C.A. § 12 et seq.).
West's Encyclopedia of American Law, edition 2. Copyright 2008 The Gale Group, Inc.

**person** n. 1) a human being. 2) a corporation treated as having the rights and obligations of a person. Counties and cities can be treated as a person in the same manner as a corporation. However, corporations, counties and cities cannot have the emotions of humans such as malice, and therefore are not liable for punitive damages. (See: party, corporation)

**Person.** This word is applied to men, women and children, who are called natural persons. In law, man and person are not exactly synonymous terms. Any human being is a man, whether he be a member of society or not, whatever may be the rank he holds, or whatever may be his age, sex, &c. A person is a man considered according to the rank he holds in society, with all the rights to which the place he holds entitles him, and the duties which it imposes. 1 Bouv. Inst. n. 137.

1. It is also used to denote a corporation which is an artificial person. 1 Bl. Com. 123; 4 Bing. 669; C. 33 Eng. C. L. R. 488; Woodes. Lect. 116; Bac. Us. 57; 1 Mod. 164. But when the word "Persons" is spoken of in legislative acts, natural persons will be intended, unless something appears in the context to show that it applies to artificial persons. 1 Scam. R. 178.

PERSON - **Corporations**, companies, associations, firms, partnerships, societies, and joint stock companies, as well as individuals. 1 United States Code (note: this term, when used in the legal context, can be confusing since whether it refersto entities other than natural persons is often dependent on context and official interpretation. e.g. Are corporations entitled, under limited circumstances, entitled to appointment of counsel in federal court? The clear wording of 1 United States Code seems to include them but the courts, using their semantic expertise, have denied this.)

Person – "In law, man & person are not exactly-synonymous terms" See Bouvier's Law Dictionary, 1856, 1 Bouv. Inst. n. 137

Human being – Is defined as a "Natural man, unenlightened or unregenerate." Page 1461, unregenerate means "not regenerate: unrepentant, sinner, not convinced by or unconverted to a particular religion; wicked, sinful. From the Random House Dictionary of the English Language 2nd Edition, page 901.

Natural person – any human being who as such is a legal entity as distinguished from an artificial person, like a corporation, which derives its status as a legal entity from being recognized so in law: means human being, and not an artificial or unjust person.

Name – "A designation by which a person natural or artificial, is known." A Dictionary of Law  (1893), William C. Anderson, Page 694.

Names – Are symbols of things, marks of things, a note of a thing. Bouvier's Law Dictionary, (1914) Maxim: pages 2148-2149.

Residence implies something more than mere transient visitation  The National Law Library, published by Collier, Volume III, Page 358 footnote.

United states Codes TITLE 18 > CHAPTER 44 > §-921. Definitions:

(a) As used in this chapter..

(1) The term "person" and the term corporation, company, association, firm, partnership, society, or joint stock company

At common law in England, it issued from the Court of Kings Bench to a judgment of that Court  Its principal aim is to afford the Court in which an action was tried and opportunity to correct it own record with reference to a vital fact not known when the judgment was rendered  It is also said that at common law to correct errors of the officers of the Court.

The original being placed in the de-jure record in the family dye Scriptures for lawful recording before the creator Elohiym, all others will be an authenticated abstract of the original and authorizing an authenticated abstract of the original into the public record and in the evidence file at and with the county coroner-medical examiner

I phillip-allen  steward of the trustee Elohiym the creator and post-master for the judicial districts being competent declaring with first-hand knowledge of the truth of the facts declared herein; with nothing but dry land under foot and the presence of Elohiym the creator set down my lawful autograph and my seals below as declared testimony to the above facts above.

So executed, on the second day of the first week of the sixth month of the year 6010, in the name of the trustee Elohiym the creator, Ishi the one living deity  King of kings and Ruler of rulers Elohiym אלהים.

### *May Elohiym: the Creator bless you All.*

Seal: *phillip-allen*:

**phillip-allen: family dye**
**steward: for the Trustee:**
**for the judicial-districts:**
**the de-jure county on the land:**
**Yisra'el: common-wealth**



Seal: **for the judicial-districts:**
**on the de-jure county on the land**
**Yisra'el: common-wealth**



Seal: *phillip-allen*:

**phillip-allen: family dye**
**holding the office of  post master**
**for the judicial-districts:**
**the de-jure county on the land:**
**Yisra'el: common-wealth**



Annex 1: This is an authenticated abstract of the original filed in the de-jure private record and de-jure county evidence file.

# The Scriptures

## Presented by: Elohiym אלהים:

### To: family dye

### The Family Record

| Status | Known As | Born |
|--------|----------|------|
| The child | phillip-allen: dye | Born: 5946 |
| Father | james-turner: dye | Born: 5909 |
| Mother | ruth-laurel: dye | Born: 5920 |
| Wife | rebecca-jane: dye | Born: 5950 |
| Father | robert-lee: harvey | Born: 5915 |
| Mother | betsy-jane: harvey | Born: 5933 |
| Place | The Earth | |



*This authenticated abstract of the original record for the natural born child known as phillip-allen: family dye is recorded in the dye family "Book of Elohiym, The Holy Scriptures" as the absolute truth concerning phillip-allen: family dye being a living child of the Most High.*

*Witnessed this day by the living men, steward for the Trustee, Elohiym, as truthful testimony on this the eighth day of the tenth month in the year of the Almighty, Elohiym six thousand nine.*



Seal: phillip - allen: dye

phillip-allen: family dye:

**steward for the Trustee:**
**notary – post master**
**for the judicial-districts:**
**the de-jure county on the land**
**Yisra'el: common-wealth**



# Annex 2

# Attachment

## *US Foreign Sovereign Immunities Act, as amended 1997*

**UNITED STATES CODE**

**TITLE 28. JUDICIARY AND JUDICIAL PROCEDURE**

**PART IV--JURISDICTION AND VENUE**

**CHAPTER 85--DISTRICT COURTS; JURISDICTION**

### § 1330. Actions against foreign states

**(a)** The district courts shall have original jurisdiction without regard to amount in controversy of any nonjury civil action against a foreign state as defined in section 1603(a) of this title as to any claim for relief in personam with respect to which the foreign state is not entitled to immunity either under sections 1605-1607 of this title or under any applicable international agreement.

**(b)** Personal jurisdiction over a foreign state shall exist as to every claim for relief over which the district courts have jurisdiction under subsection (a) where service has been made under section 1608 of this title.

**(c)** For purposes of subsection (b), an appearance by a foreign state does not confer personal jurisdiction with respect to any claim for relief not arising out of any transaction or occurrence enumerated in sections 1605-1607 of this title.

### CHAPTER 97--JURISDICTIONAL IMMUNITIES OF FOREIGN STATES

#### § 1602. Findings and declaration of purpose

The Congress finds that the determination by United States courts of the claims of foreign states to immunity from the jurisdiction of such courts would serve the interests of justice and would protect the rights of both foreign states and litigants in United States courts. Under international law, states are not immune from the jurisdiction of foreign courts insofar as their commercial activities are concerned, and their commercial property may be levied upon for the satisfaction of judgments rendered against them in connection with their commercial activities. Claims of foreign states to immunity should henceforth be decided by courts of the United States and of the States in conformity with the principles set forth in this chapter.

#### § 1603. Definitions

For purposes of this chapter--

**(a)** A "foreign state", except as used in section 1608 of this title, includes a political subdivision of a foreign state or an agency or instrumentality of a foreign state as defined in subsection (b).

**(b)** An "agency or instrumentality of a foreign state" means any entity--

**(1)** which is a separate legal person, corporate or otherwise, and

**(2)** which is an organ of a foreign state or political subdivision thereof, or a majority of whose shares or other ownership interest is owned by a foreign state or political subdivision thereof, and

**(3)** which is neither a citizen of a State of the United States as defined in section 1332(c) and (d) of this title, nor created under the laws of any third country.

**(c)** The "United States" includes all territory and waters, continental or insular, subject to the jurisdiction of the United States.

(d) A "commercial activity" means either a regular course of commercial conduct or a particular commercial transaction or act. The commercial character of an activity shall be determined by reference to the nature of the course of conduct or particular transaction or act, rather than by reference to its purpose.

(e) A "commercial activity carried on in the United States by a foreign state" means commercial activity carried on by such state and having substantial contact with the United States.

## § 1604. Immunity of a foreign state from jurisdiction

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act a foreign state shall be immune from the jurisdiction of the courts of the United States and of the States except as provided in sections 1605 to 1607 of this chapter.

## § 1605. General exceptions to the jurisdictional immunity of a foreign state

(a) A foreign state shall not be immune from the jurisdiction of courts of the United States or of the States in any case--

(1) in which the foreign state has waived its immunity either explicitly or by implication, notwithstanding any withdrawal of the waiver which the foreign state may purport to effect except in accordance with the terms of the waiver;

(2) in which the action is based upon a commercial activity carried on in the United States by the foreign state; or upon an act performed in the United States in connection with a commercial activity of the foreign state elsewhere; or upon an act outside the territory of the United States in connection with a commercial activity of the foreign state elsewhere and that act causes a direct effect in the United States;

(3) in which rights in property taken in violation of international law are in issue and that property or any property exchanged for such property is present in the United States in connection with a commercial activity carried on in the United States by the foreign state; or that property or any property exchanged for such property is owned or operated by an agency or instrumentality of the foreign state and that agency or instrumentality is engaged in a commercial activity in the United States;

(4) in which rights in property in the United States acquired by succession or gift or rights in immovable property situated in the United States are in issue;

(5) not otherwise encompassed in paragraph (2) above, in which money damages are sought against a foreign state for personal injury or death, or damage to or loss of property, occurring in the United States and caused by the tortious act or omission of that foreign state or of any official or employee of that foreign state while acting within the scope of his office or employment; except this paragraph shall not apply to--

(A) any claim based upon the exercise or performance or the failure to exercise or perform a discretionary function regardless of whether the discretion be abused, or

(B) any claim arising out of malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights;

(6) in which the action is brought, either to enforce an agreement made by the foreign state with or for the benefit of a private party to submit to arbitration all or any differences which have arisen or which may arise between the parties with respect to a defined legal relationship, whether contractual or not, concerning a subject matter capable of settlement by arbitration under the laws of the United States, or to confirm an award made pursuant to such an agreement to arbitrate, if (A) the arbitration takes place or is intended to take place in the United States, (B) the agreement or award is or may be governed by a treaty or other international agreement in force for the United States calling for the recognition and enforcement of arbitral awards, (C) the underlying claim, save for the agreement to arbitrate, could have been brought in a United States court under this section or section 1607, or (D) paragraph (1) of this subsection is otherwise applicable; or

(7) not otherwise covered by paragraph (2), in which money damages are sought against a foreign state for personal injury or death that was caused by an act of torture, extrajudicial killing, aircraft sabotage, hostage taking, or the provision of material support or resources (as defined in section 2339A of title 18) for such an act if such act or provision of material support is engaged in by an official, employee, or agent of such foreign

state while acting within the scope of his or her office, employment, or agency, except that the court shall decline to hear a claim under this paragraph--

(A) if the foreign state was not designated as a state sponsor of terrorism under section 6(j) of the Export Administration Act of 1979 (50 U.S.C. App. 2405(j)) or section 620A of the Foreign Assistance Act of 1961 (22 U.S.C. 2371) at the time the act occurred, unless later so designated as a result of such act; and

(B) even if the foreign state is or was so designated, if--

(i) the act occurred in the foreign state against which the claim has been brought and the claimant has not afforded the foreign state a reasonable opportunity to arbitrate the claim in accordance with accepted international rules of arbitration; or

(ii) neither the claimant nor the victim was a national of the United States (as that term is defined in section 101(a)(22) of the Immigration and Nationality Act) when the act upon which the claim is based occurred.

(b) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any case in which a suit in admiralty is brought to enforce a maritime lien against a vessel or cargo of the foreign state, which maritime lien is based upon a commercial activity of the foreign state: Provided, That--

(1) notice of the suit is given by delivery of a copy of the summons and of the complaint to the person, or his agent, having possession of the vessel or cargo against which the maritime lien is asserted; and if the vessel or cargo is arrested pursuant to process obtained on behalf of the party bringing the suit, the service of process of arrest shall be deemed to constitute valid delivery of such notice, but the party bringing the suit shall be liable for any damages sustained by the foreign state as a result of the arrest if the party bringing the suit had actual or constructive knowledge that the vessel or cargo of a foreign state was involved; and

(2) notice to the foreign state of the commencement of suit as provided in section 1608 of this title is initiated within ten days either of the delivery of notice as provided in paragraph (1) of this subsection or, in the case of a party who was unaware that the vessel or cargo of a foreign state was involved, of the date such party determined the existence of the foreign state's interest.

(c) Whenever notice is delivered under subsection (b)(1), the suit to enforce a maritime lien shall thereafter proceed and shall be heard and determined according to the principles of law and rules of practice of suits in rem whenever it appears that, had the vessel been privately owned and possessed, a suit in rem might have been maintained. A decree against the foreign state may include costs of the suit and, if the decree is for a money judgment, interest as ordered by the court, except that the court may not award judgment against the foreign state in an amount greater than the value of the vessel or cargo upon which the maritime lien arose. Such value shall be determined as of the time notice is served under subsection (b)(1). Decrees shall be subject to appeal and revision as provided in other cases of admiralty and maritime jurisdiction. Nothing shall preclude the plaintiff in any proper case from seeking relief in personam in the same action brought to enforce a maritime lien as provided in this section.

(d) A foreign state shall not be immune from the jurisdiction of the courts of the United States in any action brought to foreclose a preferred mortgage, as defined in the Ship Mortgage Act, 1920 (46 U.S.C. 911 and following). Such action shall be brought, heard, and determined in accordance with the provisions of that Act and in accordance with the principles of law and rules of practice of suits in rem, whenever it appears that had the vessel been privately owned and possessed a suit in rem might have been maintained.

(e) For purposes of paragraph (7) of subsection (a)--

(1) the terms "torture" and "extrajudicial killing" have the meaning given those terms in section 3 of the Torture Victim Protection Act of 1991;

(2) the term "hostage taking" has the meaning given that term in Article 1 of the International Convention Against the Taking of Hostages; and

(3) the term "aircraft sabotage" has the meaning given that term in Article 1 of the Convention for the Suppression of Unlawful Acts Against the Safety of Civil Aviation.

(f) No action shall be maintained under subsection (a)(7) unless the action is commenced not later than 10 years after the date on which the cause of action arose. All principles of equitable tolling, including the period during which the foreign state was immune from suit, shall apply in calculating this limitation period.

**(g) Limitation on discovery.--**

**(1) In general.--(A)** Subject to paragraph (2), if an action is filed that would otherwise be barred by section 1604, but for subsection (a)(7), the court, upon request of the Attorney General, shall stay any request, demand, or order for discovery on the United States that the Attorney General certifies would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action, until such time as the Attorney General advises the court that such request, demand, or order will no longer so interfere.

**(B)** A stay under this paragraph shall be in effect during the 12-month period beginning on the date on which the court issues the order to stay discovery. The court shall renew the order to stay discovery for additional 12-month periods upon motion by the United States if the Attorney General certifies that discovery would significantly interfere with a criminal investigation or prosecution, or a national security operation, related to the incident that gave rise to the cause of action.

**(2) Sunset.--(A)** Subject to subparagraph (B), no stay shall be granted or continued in effect under paragraph (1) after the date that is 10 years after the date on which the incident that gave rise to the cause of action occurred.

**(B)** After the period referred to in subparagraph (A), the court, upon request of the Attorney General, may stay any request, demand, or order for discovery on the United States that the court finds a substantial likelihood would--

(i) create a serious threat of death or serious bodily injury to any person;

(ii) adversely affect the ability of the United States to work in cooperation with foreign and international law enforcement agencies in investigating violations of United States law; or

(iii) obstruct the criminal case related to the incident that gave rise to the cause of action or undermine the potential for a conviction in such case.

**(3) Evaluation of evidence.**--The court's evaluation of any request for a stay under this subsection filed by the Attorney General shall be conducted ex parte and in camera.

**(4) Bar on motions to dismiss.**--A stay of discovery under this subsection shall constitute a bar to the granting of a motion to dismiss under rules 12(b)(6) and 56 of the Federal Rules of Civil Procedure.

**(5) Construction.**--Nothing in this subsection shall prevent the United States from seeking protective orders or asserting privileges ordinarily available to the United States.

## § 1606. Extent of liability

As to any claim for relief with respect to which a foreign state is not entitled to immunity under section 1605 or 1607 of this chapter, the foreign state shall be liable in the same manner and to the same extent as a private individual under like circumstances; but a foreign state except for an agency or instrumentality thereof shall not be liable for punitive damages; if, however, in any case wherein death was caused, the law of the place where the action or omission occurred provides, or has been construed to provide, for damages only punitive in nature, the foreign state shall be liable for actual or compensatory damages measured by the pecuniary injuries resulting from such death which were incurred by the persons for whose benefit the action was brought.

## § 1607. Counterclaims

In any action brought by a foreign state, or in which a foreign state intervenes, in a court of the United States or of a State, the foreign state shall not be accorded immunity with respect to any counterclaim--

(a) for which a foreign state would not be entitled to immunity under section 1605 of this chapter had such claim been brought in a separate action against the foreign state; or

(b) arising out of the transaction or occurrence that is the subject matter of the claim of the foreign state; or

(c) to the extent that the counterclaim does not seek relief exceeding in amount or differing in kind from that sought by the foreign state.

## § 1608. Service; time to answer; default

(a) Service in the courts of the United States and of the States shall be made upon a foreign state or political subdivision of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the foreign state or political subdivision; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), by sending a copy of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the head of the ministry of foreign affairs of the foreign state concerned, or

(4) if service cannot be made within 30 days under paragraph (3), by sending two copies of the summons and complaint and a notice of suit, together with a translation of each into the official language of the foreign state, by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the Secretary of State in Washington, District of Columbia, to the attention of the Director of Special Consular Services--and the Secretary shall transmit one copy of the papers through diplomatic channels to the foreign state and shall send to the clerk of the court a certified copy of the diplomatic note indicating when the papers were transmitted.

As used in this subsection, a "notice of suit" shall mean a notice addressed to a foreign state and in a form prescribed by the Secretary of State by regulation.

(b) Service in the courts of the United States and of the States shall be made upon an agency or instrumentality of a foreign state:

(1) by delivery of a copy of the summons and complaint in accordance with any special arrangement for service between the plaintiff and the agency or instrumentality; or

(2) if no special arrangement exists, by delivery of a copy of the summons and complaint either to an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process in the United States; or in accordance with an applicable international convention on service of judicial documents; or

(3) if service cannot be made under paragraphs (1) or (2), and if reasonably calculated to give actual notice, by delivery of a copy of the summons and complaint, together with a translation of each into the official language of the foreign state--

(A) as directed by an authority of the foreign state or political subdivision in response to a letter rogatory or request or

(B) by any form of mail requiring a signed receipt, to be addressed and dispatched by the clerk of the court to the agency or instrumentality to be served, or

(C) as directed by order of the court consistent with the law of the place where service is to be made.

(c) Service shall be deemed to have been made--

(1) in the case of service under subsection (a)(4), as of the date of transmittal indicated in the certified copy of the diplomatic note; and

(2) in any other case under this section, as of the date of receipt indicated in the certification, signed and returned postal receipt, or other proof of service applicable to the method of service employed.

(d) In any action brought in a court of the United States or of a State, a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state shall serve an answer or other responsive pleading to the complaint within sixty days after service has been made under this section.

(e) No judgment by default shall be entered by a court of the United States or of a State against a foreign state, a political subdivision thereof, or an agency or instrumentality of a foreign state, unless the claimant establishes his claim or right to relief by evidence satisfactory to the court. A copy of any such default judgment shall be sent to the foreign state or political subdivision in the manner prescribed for service in this section.

## § 1609. Immunity from attachment and execution of property of a foreign state

Subject to existing international agreements to which the United States is a party at the time of enactment of this Act the property in the United States of a foreign state shall be immune from attachment arrest and execution except as provided in sections 1610 and 1611 of this chapter.

## § 1610. Exceptions to the immunity from attachment or execution

(a) The property in the United States of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

(1) the foreign state has waived its immunity from attachment in aid of execution or from execution either explicitly or by implication, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, or

(2) the property is or was used for the commercial activity upon which the claim is based, or

(3) the execution relates to a judgment establishing rights in property which has been taken in violation of international law or which has been exchanged for property taken in violation of international law, or

(4) the execution relates to a judgment establishing rights in property--

(A) which is acquired by succession or gift, or

(B) which is immovable and situated in the United States: Provided, That such property is not used for purposes of maintaining a diplomatic or consular mission or the residence of the Chief of such mission, or

(5) the property consists of any contractual obligation or any proceeds from such a contractual obligation to indemnify or hold harmless the foreign state or its employees under a policy of automobile or other liability or casualty insurance covering the claim which merged into the judgment, or

(6) the judgment is based on an order confirming an arbitral award rendered against the foreign state, provided that attachment in aid of execution, or execution, would not be inconsistent with any provision in the arbitral agreement, or

(7) the judgment relates to a claim for which the foreign state is not immune under section 1605(a)(7), regardless of whether the property is or was involved with the act upon which the claim is based.

(b) In addition to subsection (a), any property in the United States of an agency or instrumentality of a foreign state engaged in commercial activity in the United States shall not be immune from attachment in aid of execution, or from execution, upon a judgment entered by a court of the United States or of a State after the effective date of this Act, if--

(1) the agency or instrumentality has waived its immunity from attachment in aid of execution or from execution either explicitly or implicitly, notwithstanding any withdrawal of the waiver the agency or instrumentality may purport to effect except in accordance with the terms of the waiver, or

(2) the judgment relates to a claim for which the agency or instrumentality is not immune by virtue of section 1605(a) (2), (3), (5), or (7) or 1605(b) of this chapter, regardless of whether the property is or was involved in the act upon which the claim is based.

(c) No attachment or execution referred to in subsections (a) and (b) of this section shall be permitted until the court has ordered such attachment and execution after having determined that a reasonable period of time has

elapsed following the entry of judgment and the giving of any notice required under section 1608(e) of this chapter.

## IV. The FSIA Institutes a "Restrictive" Theory of Sovereign Immunity

(d) The property of a foreign state, as defined in section 1603(a) of this chapter, used for a commercial activity in the United States, shall not be immune from attachment prior to the entry of judgment in any action brought in a court of the United States or of a State, or prior to the elapse of the period of time provided in subsection (c) of this section, if--

(1) the foreign state has explicitly waived its immunity from attachment prior to judgment, notwithstanding any withdrawal of the waiver the foreign state may purport to effect except in accordance with the terms of the waiver, and

(2) the purpose of the attachment is to secure satisfaction of a judgment that has been or may ultimately be entered against the foreign state, and not to obtain jurisdiction.

(e) The vessels of a foreign state shall not be immune from arrest in rem, interlocutory sale, and execution in actions brought to foreclose a preferred mortgage as provided in section 1605(d).

### § 1611. Certain types of property immune from execution

(a) Notwithstanding the provisions of section 1610 of this chapter, the property of those organizations designated by the President as being entitled to enjoy the privileges, exemptions, and immunities provided by the International Organizations Immunities Act shall not be subject to attachment or any other judicial process impeding the disbursement of funds to, or on the order of, a foreign state as the result of an action brought in the courts of the United States or of the States.

(b) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution, if--

(1) the property is that of a foreign central bank or monetary authority held for its own account, unless such bank or authority, or its parent foreign government, has explicitly waived its immunity from attachment in aid of execution, or from execution, notwithstanding any withdrawal of the waiver which the bank, authority or government may purport to effect except in accordance with the terms of the waiver; or

(2) the property is, or is intended to be, used in connection with a military activity and

(A) is of a military character, or

(B) is under the control of a military authority or defense agency.

(c) Notwithstanding the provisions of section 1610 of this chapter, the property of a foreign state shall be immune from attachment and from execution in an action brought under section 302 of the Cuban Liberty and Democratic Solidarity (LIBERTAD) Act of 1996 to the extent that the property is a facility or installation used by an accredited diplomatic mission for official purposes.

### Ch. 9 Suing Non-U.S. Governmental Entities in U.S. Courts

A. The FSIA purposefully restricts sovereign immunity so that private parties dealing with or injured by foreign states, particularly in commercial transactions, may obtain judicial relief. See, e.g. Verlinden B.V. v. Central Bank of Nigeria, 461 U.S. 480, 487 (1983); See also H.R. Rep. 94-1487, reprinted in 1976 U.S.C.C.A.N. 6604, 6605 (Sep. 9. 1976) (FSIA "codif[ies]" principle that immunity "does not extend to suits based on its commercial or private acts (jure gestionis).").

B. Importantly, unlike other types of immunity, since 1976, the FSIA places immunity decisions solely in the hands of the courts and solely as a matter of statutory interpretation. See, e.g., Dole Food v. Patickson, 538 U.S. 468, 479 (2003) (rejecting policy-based arguments in favor of ordinary application of statute).

C. The shift to statutory-based immunity provides an argument that diplomatic and foreign policy considerations are irrelevant. Id.

**Annex 3 Civil**

IN THE SUPERIOR COURT OF THE STATE OF DELAWARE
IN AND FOR NEW CASTLE COUNTY

*I Do Not Consent To This Black Market Counterfeit Securities*
*and Counterfeit Obligations Offer.*                    C.A. No. 05L-10-099-FSS
INDYMAC BANK, F.S.B.
*I do not accept this contract offer For Fraud In The Factum and*
*Fraud In The Inception. Therefore I return your offer.* NON-ARBITRATION
                                    Plaintiff
                                              In Rem
*I demand that you Judge Silverman and the prosecution attorneys*
*produce a commercial indemnity bond to hold me harmless for* Sci. Fa. Sur Mortgage Action
*any and all harm you intend/en you are about to cause me as a result* Mortgage Record 20041227-38336
PHILIP A DYE, et al.
*of your order and the prosecutors acting on the order.*
                                    Defendants.         *Property Address: 403 Union Church Rd*
                                                         *Townsend, DE 19734*

## ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF PLAINTIFF, DENYING DEFENDANTS' CROSS MOTIONS, AND DISMISSING COUNTERCLAIMS

UPON CONSIDERATION of (i) the Motion for Summary Judgment (the "Motion")

filed by plaintiff IndyMac Bank, F.S.B. ("Plaintiff") against defendants Philip A. Dye, Rebecca

Dye, and Solowiz Trust International ("Defendants"): (ii) the cross-motions and other motions

filed by Philip A. Dye and/or Rebecca Dye (collectively, the "Cross-Motions"), including but not

limited to a Motion To Dismiss for Failure To Prosecute and a Motion for a Default Judgment

with Declaratory and Permanent Injunctive Relief and Compensation and Damages; and (iii) all

counterclaims filed by Philip A. Dye and/or Rebecca Dye (collectively, the "Counterclaims");

and, for the reasons stated in this Court's Order entered on April 18, 2008, good cause having

been shown, it is this _____ 28th day of ___April___, 2008, by the Superior Court for

the State of Delaware in and for NEW CASTLE COUNTY, hereby ORDERED as follows:

1.      The Motion is hereby GRANTED. All capitalized terms not otherwise defined

herein shall have the respective meanings set forth in the Motion.

2.      Based upon the affidavit appended to the Motion, the failure of Rebecca Dye and

Solowiz Trust International to file a timely answer to the Complaint supported by an affidavit in

accordance with 10 Del. Code § 3901, and the admissions made by Defendants during discovery,

and the Court having viewed all facts in a light most favorable to the Defendants as observed by

the Court in the April 18, 2008 Order, the Court having determined that no genuine issue of

material facts exists and that Plaintiff is entitled to judgment as a matter of law, summary

judgment is hereby entered against Defendants in Plaintiff's favor.

    3.    A Money Judgment in the amount of $168,167.04 is hereby entered against

Defendants, jointly and severally, calculated as follows:

| | | |
|---|---|---|
| Principal Balance | $ | 95,607.34 |
| Interest from 12/01/2001 to 12/14/2007 | $ | 39,672.11 |
| Late Charges | $ | 3,165.89 |
| Tax Advances | $ | 9,700.86 |
| Property Preservation | $ | 607.00 |
| Bankruptcy Fees | $ | 1,100.00 |
| Bankruptcy Costs | $ | 165.00 |
| Attorney Fees (CA #:02L-04-143) | $ | 10,122.51 |
| Attorney Costs (CA #:02L-04-143) | $ | 7,816.33 |
| **Subtotal** | **$** | **167,957.04** |
| Prothonotary Fees | $ | 175.00 |
| Sheriff's Fees | $ | 35.00 |
| **Subtotal** | **$** | **210.00** |
| TOTAL | $ | 168,167.04 |

Plus interest continuing to accrue on the unpaid balance at the per-diem rate of $18.01 per day

(6.875% per annum) from and after December 15, 2007.

    4.    The foregoing shall also constitute a judgment for the foreclosure of Plaintiff's

mortgage on the property located at 403 Union Church Rd, Townsend, DE 19734 in the amounts

stated.

    5.    The Cross-Motions are DENIED, and the Counterclaims are dismissed with

prejudice.

_____
JUDGE

# **Annex 3 Criminal**

PROBATION AND PAROLE OFFICE
WALK-IN PAYMENTS ONLY
DOS6 New Castle Probation and Parole
26 Parkway Circle
NEW CASTLE,DE - 19720
Phone No. 302-323-6050

Date: 04/01/2008

## **ACKNOWLEDGEMENT**

It is hereby acknowledged by the undersigned that all fines, costs, surcharges, restitution, and supervision fees must be paid in cash, money order, certified check, or personal check made payable to the State of Delaware in the amounts and time specified by the court or otherwise agreed to by signing this acknowledgement.

***** WARNING : A $30.00 Fee will be charged for each returned personal Check *****

It is also acknowledged and understood that failure to abide by the specific court orders or a breach of this agreement shall be sufficient cause for a Contempt of Court citation and immediate arrest.

| Name: | Dye, Phillip A | | | | SBI#:00142610 | | DOB: 02/01/1945 | | | |
|---|---|---|---|---|---|---|---|---|---|---|
| SSN: | 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 | | | | R/S: B/ M | | DR.LIC.NO:0457075 | | | |
| Address: | 103 Union Church Rd, Townsend DE 19734 | | | | | | Home Phone: 302-378-6915 | | | |
| Employer: Dupont Company – ADDRESS:Unknown UN 00000 0000 | | | | | | | Work Phone: . . . | | | |
| Date of Release: | | Method:Sentenced Probationer | | | | | Interstate From: N/A | | | |

| Case#: 0111000230 | Court:New Castle County Superior Court | | Judge: Jerome Herlihy | | | Eff. Date:03/26/2008 | | |
|---|---|---|---|---|---|---|---|---|
| **CRA#** | **Description** | LVL | **Start Dt** | **MED** | **ADJ** | **Length** | | |
| | | | | | | Y | M | D |
| VN0111122102 | Vop-Defeat Tax | 2 | 03/26/2008 | 03/25/2009 | 03/25/2009 | 1 | 0 | 0 |
| VN0111122202 | Vop-Defeat Tax | 1R | 03/26/2008 | 03/25/2009 | 03/25/2009 | 1 | 0 | 0 |
| VN0111122402 | Vop-Fail/Filere | 1R | 03/26/2008 | 03/25/2009 | 03/25/2009 | 1 | 0 | 0 |
| VN0111122302 | Vop-Fail/Filere | 1R | 03/26/2008 | 03/25/2009 | 03/25/2009 | 1 | 0 | 0 |

| Case#: 0409005671 | Court:New Castle County Court of Common Pleas | | Judge: John Welch | | | Eff. Date:11/30/2006 | | |
|---|---|---|---|---|---|---|---|---|
| **CRA#** | **Description** | LVL | **Start Dt** | **MED** | **ADJ** | **Length** | | |
| | | | | | | Y | M | D |
| VN04093360 | Resist Arrest | 2 | 11/30/2006 | 11/29/2007 | 11/29/2007 | 0 | 12 | 0 |

| FINE: | $ | 600.00 | Total Court Payment: | $ | 7,488.65 |
|---|---|---|---|---|---|
| COSTS: | $ | 135.65 | Supervision Fee: | $ | 200.00 |
| REST. | $ | 6,643.00 | Interstate Fee: | $ | .00 |
| DRETF: | | | Total Due: | $ | 7,688.65 |
| VCF: | $ | 106.00 | Total Monthly Payment: | $ | 300.00 |
| CIVIL: | | . . . | First Payment Due Date: | 04/28/2008 | |

In compliance with Senate Bill 50, passed on June 1,2003 and which amended para 14 sec 6504, Title 11, Delaware Code, I hereby agree to pay a supervision fee of : _____$200.00_____ while on Level 2 supervision.This payment is in addition to any agreed upon payments for mandatory fines, court, costs, restitution, etc. and both payments must be kept current.

Assigned Officer: Champion Kennita E

PO#: 30040

Offender: _____   _4/ - | 200 8_
Dye, Phillip A (00143610)       DATE

Intake Officer: _____
Champion Kennita E P&P Officer

Page 1 of 1

**SENTENCING WORKSHEET**

143610

**DEFENDANT**

DEFENDANT NAME: Dye, Phillip A.
AKA:

Date 3-26-08
Time 10:01am

ID NUMBER: 00003230   DOB 02-01-45   Judge: MJB

**CHARGE**

CHARGE: VoP ( Defeat Tac)
LIO:

☐ No Injury or Death Pursuant to 21 Del. C. § 4205A: Defendants convicted under §4177B(e)(1)a-d; the terms of imprisonment defined in this title may be served at Level 4 as defined in 11 Del. C. §4204(c)(4)

Cr A: VN 01-11-1221-02   BAC   ☐ 4214(a)   ☐ 4214(b)

**FINANCIAL**

☐ Pay Costs
☐ Costs Suspended

☐ PD Fee/Conflict
☐ Surcharges
☐ Diversion Fee
☐ SARTEP
☐ DELJIS Fee
☐ Security Fee

☐ 15%  ☐ 18%
☐ Pay Fine $
☐ Amount Suspended
$
☐ Transportation Surcharge:     %

☐ Civil Penalty
☐ Civil Judgment
$

☐ OSCCE to collect
☐ Deemed uncollectible
☐ Transferred to:
Cr A:

**IMPRISONMENT / PROBATION**

☑ VOP/Contempt  ☑ Revoked  ☐ Not Found  ☐ Continued  ☐ Modified  ☐ Discharged  ☐ Withdrawn  ☐ Dismissed

☐ Resent/Review  ☐ Boot Camp/ Diversion  ☐ Boot Camp  ☐ 4177(d)(5)  ☐ GSP

Effective: 3-8-08   Deferred DATE:   Facility

Be imprisoned for  1  years   months   days   At level  5

Level 5 Treatment:

☐ Min. Mandatory time   ☐ Credit For:
Title/Sec   ☐ No Credit Time Due

☐ Suspended immediately   ☑ Suspended for

☑ Suspended After _____   ☑ for 1 year   at level 2   Crest / Work Rel / Home conf / VOP center
☐ Suspended After _____   ☐ for _____   at level   Crest / Work Rel / Home conf / VOP center
☐ Suspended After _____   ☐ for _____   at level   Crest / Work Rel / Home conf / VOP center

Followed by:   at level   Balance at level

☐ Consecutive to:   ☐ Concurrent with:

☐ Level 4 Sentence hold at:  3  4  5   ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent.

(CIRCLE ONE)
COMMITMENT
**RELEASE**
DEFERRED COMMITMENT

**RESTIT.**

☐ TBD by AG _____ Days
☐ Determined by ISO
☐ Joint & Several w/co-def.
ID No.

(Viol'n)

1. _____   AMOUNT: $
2. _____   AMOUNT: $
3. _____   AMOUNT: $

**CONDITIONS**

☐ All Terms and Conditions Re-imposed
☐ Pay costs, fines, restitution
   ☐ Previously Ordered
   ☐ During Probation
   ☐ During / Within
☐ No Contact with:
☐ Drug Court Standard Conditions
☐ Comm Serv _____ Hrs
☐ No Driving Per Statute
Mitigating/Aggravating   SB 50:

☐ Residential Drug/Alcohol
☐ Outpatient Drug/Alcohol
☐ 41/7 DUI Program
☐ Alcohol Treatment
☐ Random Urinalysis
☐ Zero Tolerance
☐ Mental Health Eval
☐ Sub. Abuse Eval
☐ No Drugs/Alcohol Unless Medically Prescribed.
☐ Nolle Prosses entered on remaining charges
☐ Nolle Prosses entered on Criminal Action Number(s)

☐ Parenting
☐ TASC Eval / Monit
☐ DVCC
☐ GHSS Conditions
☐ Anger Management
☐ Obtain GED
☐ Job Training
☐ Fully Employed
☐ Forfeit

Other Conditions:

☐ TIER LEVEL:
☐ SEX OFFENDER. Registration per:
11 Del C § 4120-4122; 11 Del C § 4336
☐ 321 Del C. § 2716 (Felony Only)
☐ DNA Testing
☐ HIV Testing

2008 MAR 26 AM 11:44

PROTHONOTARY
FILED

DEFENSE: Wilkinson   DAG:   CLERK: Ronan   CT. REPORTER/FTR: Verechia   PROBATION:   TASC:

**SENTENCING WORKSHEET**

HRY

**DEFENDANT**

DEFENDANT NAME: Dye, Phillip A
AKA:

173610

Date: 3-26-08

Time: 10:01am

ID NUMBER: 0111003230   DOB: 02-01-45   Judge: MJB

**CHARGE**

CHARGE: VOP (Defeat Tax)

LIO:

CrA: VN01-11-1222-02   BAC:   ☐ 4214(a)   ☐ 4214(b)

☐ No Injury or Death Pursuant to 21 Del. C. § 4205A. Defendants convicted under §4177B(a)(1)a-d, the terms of imprisonment defined in this title may be served at Level 4 as defined in 11 Del. C. §4204c(x)(x).

**FINANCIAL**

☐ Pay Costs
☐ Costs Suspended

☐ PD Fee/Conflict
☐ Surcharges
☐ Diversion Fee
☐ SARTEP
☐ DELJIS Fee
☐ Security Fee

☐ 15%  ☐ 18%
☐ Pay Fine $
☐ Amount Suspended $
☐ Transportation Surcharge %

☐ Civil Penalty
☐ Civil Judgment $

☐ OSCCE to collect
☐ Deemed uncollectible
☐ Transferred to
CrA.

☐ VOP/Contempt  ☐ Revoked  ☐ Not Found  ☐ Continued  ☐ Modified  ☐ Discharged  ☐ Withdrawn  ☐ Dismissed

☐ Supervision  ☐ Boot Camp Diversion  ☐ Boot Camp  ☐ 4177(d)(x)  ☐ DSP

**IMPRISONMENT / PROBATION**

Effective 3-8-08   Deferred DATE   Facility

Be imprisoned for 1 years   months   days   At level 5

Level 5 Treatment:

☐ Min. Mandatory time:   ☐ Credit For
Title/Sec   ☐ No Credit Time Due

(CIRCLE ONE)

COMMITMENT

RELEASE

DEFERRED COMMITMENT

☐ Suspended immediately   ☐ Suspended for   rest. only
☐ Suspended After  0   ☐ for  1 year   at level 1   Crest / Work Rel / Home conf / VOP center
☐ Suspended After   ☐ for   at level   Crest / Work Rel / Home conf / VOP center
☐ Suspended After   ☐ for   at level   Crest / Work Rel / Home conf / VOP center

Followed by   at level   Balance at level

☐ Consecutive to   ☐ Concurrent with

☐ Level 4 Sentence hold at:  3  4  5   ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent

**RESTIT.**

☐ TBD by AG ___ Days
☐ Determined by ISO
☐ Joint & Several w/co-deft
ID No

1. ___   AMOUNT: $
2. ___   AMOUNT: $
3. ___   AMOUNT: $

**CONDITIONS**

☐ All Terms and Conditions Re-imposed
☐ Pay costs, fines, restitution
☐ Previously Ordered
☐ During Probation
☐ During / Within
☐ No Contact with

☐ Drug Court Standard Conditions
☐ Comm Serv ___ Hrs
☐ No Driving Per Statute

Mitigating/Aggravating   SB 50:

☐ Residential Drug/Alcohol
☐ Outpatient Drug/Alcohol
☐ 4177 DUI Program
☐ Alcohol Treatment
☐ Random Urinalysis
☐ Zero Tolerance
☐ Mental Health Eval
☐ Sub Abuse Eval
☐ No Drugs/Alcohol Unless Medically Prescribed

☐ Nolle Prosses entered on remaining charges
☐ Nolle Prosses entered on Criminal Action Number(s)

☐ Parenting
☐ TASC Eval / Monit
☐ DVCC
☐ DHSS Conditions
☐ Anger Management
☐ Obtain GED
☐ Job Training
☐ Fully Employed
☐ Forfeit

Other Conditions:

☐ TIER LEVEL:
☐ SEX OFFENDER Registration per
11 Del C. § 4120-4122, 11 Del C. § 4336
☐ 21 Del C. § 2718 (Felony Only)
☐ DNA Testing
☐ HIV Testing

2008 MAR 26 AM 11:44

PROTHONOTARY
FILED

**DEFENSE:** Wilkinson   **DAG:**   **CLERK:** Brown   **CT. REPORTER/FTR:** Verechia   **PROBATION:**   **TASC:**

**SENTENCING WORKSHEET**

| | |
|---|---|
| **DEFENDANT NAME:** | 143610 |
| AKA: | Date: 3-26-08 |
| Dye Phillip A. | Time: 10:10 am |
| ID NUMBER: 0111003236 | DOB 02-01-45  Judge: MJJB |

**CHARGE**
CHARGE: VOP (Fail File Return)
LIO:
CrA: VN 01-11-1223-02    BAC: ☐4214(a) ☐4214(b)

☐ No Injury or Death Pursuant to 21 Del. C. § 4205A. Defendants convicted under §4177B(e)(1)a-d, the terms of imprisonment defined in this title may be served at Level 4 as defined in 11 Del. C. §4204(c)(4).

**FINANCIAL**
☐ Pay Costs  ☐ PO Fee/Conflict  ☐15% ☐16%  ☐ Civil Penalty  ☐OSCCE to collect
☐ Costs Suspended  ☐ Surcharges  ☐ Pay Fine $____  ☐ Civil Judgment  ☐ Deemed uncollectible
 ☐ Diversion Fee  ☐ Amount Suspended  $____  ☐ Transferred to
 ☐ SARTEP  $____  Cr.A
 ☐ DELJIS Fee  ☐ Transportation Surcharge
 ☐ Security Fee  ____%

☐ VOP/Contempt ☐ Revoked ☐ Not Found ☐ Continued ☐ Modified ☐ Discharged ☐ Withdrawn ☐ Dismissed

☐ Resent/Review ☐ Boot Camp Diversion ☐ Boot Camp ☐4177(d)(5) ☐GSP

**IMPRISON / ENT / PROBATION**

Effective 3-8-08    Deferred DATE ____ Facility ____

Be imprisoned for ___1___ years ____ months ____ days  At level ____5____

Level 5 Treatment ____

☐ Min. Mandatory time: ____  ☐ Credit For ____
Title/Sec ____  ☐ No Credit Time Due

☐ Suspended immediately  ☐ Suspended for ____   rest. only
☐ Suspended After ○ ☐ for 1 year at level ____  Crest / Work Rel / Home conf / VOP center
☐ Suspended After ____ ☐ for ____ at level ____  Crest / Work Rel / Home conf / VOP center
☐ Suspended After ____ ☐ for ____ at level ____  Crest / Work Rel / Home conf / VOP center

**(CIRCLE ONE)**
COMMITMENT
RELEASE
DEFERRED
COMMITMENT

Followed by ____ at level ____   Balance at level ____

☐ Consecutive to ____  ☐ Concurrent with ____

☐ Level 4 Sentence hold at  3  4  5  ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent.

**RESTIT**
☐ TBD by AG ____ Days
☐ Determined by ISO
☐ Joint & Several w/co-deft.
☐ No

(Victim)
1. ____  AMOUNT: $____
2. ____  AMOUNT: $____
3. ____  AMOUNT: $____

**CONDITIONS**
☐ All Terms and Conditions Re-imposed
☐ Pay costs, fines, restitution
 ☐ Previously Ordered
 ☐ During Probation
 ☐ During / Within ____
☐ No Contact with ____
☐ Drug Court Standard Conditions
☐ Comm Serv ____ Hrs
☐ No Driving Per Statute
Mitigating/Aggravating: ____ SB 50: ____

☐ Residential Drug/Alcohol
☐ Outpatient Drug/Alcohol
☐ 4177 DUI Program
☐ Alcohol Treatment
☐ Random Urinalysis
☐ Zero Tolerance
☐ Mental Health Eval
☐ Sub. Abuse Eval.
☐ No Drugs/Alcohol Unless Medically Prescribed.
☐ Nolle Prosses entered on remaining charges
☐ Nolle Prosses entered on Criminal Action Number(s)

☐ Parenting
☐ TASC Eval / Mont
☐ DVCC
☐ DHSS Conditions
☐ Anger Management
☐ Obtain GED
☐ Job Training
☐ Fully Employed
☐ Forfeit ____

Other Conditions

☐TIER LEVEL: ____
☐SEX OFFENDER
Registration per
11 Del C. § 4120-4122, 11
Del C. § 4336.
☐21 Del C § 7716
(Felony Only)
☐DNA Testing
☐HIV Testing

2008 MAR 26 AM 11:44
PROTHONOTARY
FILED

**DEFENSE:** Milkinson   **DAG:**   **CLERK:** Braun   **CT. REPORTER/FTR:** Verechia   **PROBATION:**   **TASC:**

November 19, 2007

**SENTENCING WORKSHEET**

**DEFENDANT**

DEFENDANT NAME:
AKA:
Dye, Phillip A.

Date: 3-26-01
Time: 10:01
143610

ID NUMBER: D111 003230    DOB: 02-01-45    Judge: MTB

**CHARGE**

CHARGE: VOP (Fail File Return)    ☐ No Injury or Death. Pursuant to 21 Del. C. § 4205A: Defendants convicted under §4177B(e)(1)a-d; the terms of imprisonment defined in this title may be served at Level 4 as defined in 11 Del. C. §4204(c)(4).

UO:

CrA: VN 01-11-1224-02    BAC:    ☐ 4214(a)    ☐ 4214(b)

**FINANCIAL**

☐ Pay Costs
☐ Costs Suspended

☐ PD Fee/Conflict
☐ Surcharges
☐ Diversion Fee
☐ SARTEP
☐ DELJIS Fee
☐ Security Fee

☐ 15%  ☐ 18%
☐ Pay Fine $
☐ Amount Suspended
$
☐ Transportation Surcharge
____%

☐ Civil Penalty
☐ Civil Judgment
$

☐ OSCCE to collect
☐ Deemed uncollectible
☐ Transferred to
CrA

**PROBATION**

☐ VOP/Contempt ☐ Revoked ☐ Not Found ☐ Continued ☐ Modified ☐ Discharged ☐ Withdrawn ☐ Dismissed

☐ Resent/Review ☐ Boot Camp/ Diversion  ☐ Boot Camp  ☐ 4177(d)(5) ☐ GSP

Effective: 3-8-08    Deferred DATE:    Facility
Be imprisoned for 1 years ____ months ____ days  At level 5
Level 5 Treatment:

(CIRCLE ONE)
COMMITMENT
**RELEASE**
DEFERRED COMMITTMENT

**IMPRISONMENT**

☐ Min. Mandatory time: ____    ☐ Credit For
Title/Sec:    ☐ No Credit Time Due

☐ Suspended Immediately    ☐ Suspended for
☒ Suspended After  O    ☒ for 1 year    at level 1    Rest only -  Crest / Work Rel / Home conf / VOP center
☐ Suspended After ____  ☐ for ____  at level ____    Crest / Work Rel / Home conf / VOP center
☐ Suspended After ____  ☐ for ____  at level ____    Crest / Work Rel / Home conf / VOP center

Followed by: ____ at level ____    Balance at level ____

☒ Consecutive to:    ☐ Concurrent with

☐ Level 4 Sentence hold at  3  4  6    ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent

**RESTIT.**

☐ TBD by AG ____ Days
☐ Determined by ISO
☐ Joint & Several w/co-defl.
IO No.

(Victim)
1. ____    AMOUNT $ ____
2. ____    AMOUNT $ ____
3. ____    AMOUNT: $ ____

**CONDITIONS**

☐ All Terms and Conditions Re-imposed
☐ Pay costs, fines, restitution
    ☐ Previously Ordered
    ☐ During Probation
    ☐ During / Within
☐ No Contact with:

☐ Drug Court Standard Conditions
☐ Comm Serv. ____ Hrs.
☐ No Driving Per Statute:
Mitigating/Aggravating    SB 50:

☐ Residential Drug/Alcohol
☐ Outpatient Drug/Alcohol
☐ 4177 DUI Program
☐ Alcohol Treatment
☐ Random Urinalysis
☐ Zero Tolerance
☐ Mental Health Eval
☐ Sub. Abuse Eval
☐ No Drugs/Alcohol Unless Medically Prescribed.
☐ Nolle Prosses entered on remaining charges
☐ Nolle Prosses entered on Criminal Action Number(s)

☐ Parenting
☐ TASC Eval / Mont.
☐ DVCC
☐ DHSS Conditions
☐ Anger Management
☐ Obtain GED
☐ Job Training
☐ Fully Employed
☐ Forfeit ____

Other Conditions

☐ TIER LEVEL: ____
☐ SEX OFFENDER Registration per 11 Del C. § 4120-4122, 11 Del C. § 4336.
☐ 21 Del C § 2718 (Felony Only)
☐ DNA Testing
☐ HIV Testing

2008 MAR 26 AM 11:44
PROTHONOTARY
FILED

November 19, 2007

DEFENSE: M. Hinson    DAG:    CLERK: Brown    CT. REPORTER/FTR: Verchia    PROBATION:    TASC:

# SENTENCING WORKSHEET

**DEFENDANT**

DEFENDANT NAME:

AKA:

Dye, Phillip A.

ID NUMBER: 01110063230    DOB: 02-01-45

143610

Date: 3-26-08

Time: 10:01am

Judge: MJB

**CHARGE**

CHARGE: VOP (Fail File Return)

LIO:

CrA VN D1-11-1225-02    BAC:

☐ No Injury or Death Pursuant to 21 Del. C. § 4205A: Defendants convicted under §4177B(e)(1)a-d; the terms of imprisonment defined in this title may be served at Level 4 as defined in 11 Del. C. §4204(c)(4).

☐ 4214(a)    ☐ 4214(b)

**FINANCIAL**

☐ Pay Costs

☐ Costs Suspended

☐ PD Fee/Conflict
☐ Surcharges
☐ Diversion Fee
☐ SARTEP
☐ DELJIS Fee
☐ Security Fee

☐ 15%  ☐ 18%
☐ Pay Fine $____
☐ Amount Suspended $____
☐ Transportation Surcharge ____%

☐ Civil Penalty
☐ Civil Judgment $____

☐ OSCCE to collect
☐ Deemed uncollectible
☐ Transferred to
Cr.A

☒ VOP/Contempt  ☒ Revoked  ☐ Not Found  ☐ Continued  ☐ Modified  ☐ Discharged  ☐ Withdrawn  ☐ Dismissed

☐ Resent/Review  ☐ Boot Camp/ Diversion  ☐ Boot Camp  ☐ 4177(d)(5)  ☐ GSP

**IMPRISONMENT / PROBATION**

Effective: 3-8-08    Deferred DATE: ____    Facility: ____

Be imprisoned for __1__ years ____ months ____ days  At level 5

Level 5 Treatment

☐ Min. Mandatory time: ____    ☐ Credit For ____

Title/Sec:    ☐ No Credit Time Due

☐ Suspended immediately    ☐ Suspended for ____

☒ Suspended After ___0___ ☒ for 1 year at level 1    Rest. only    Crest / Work Rel / Home conf / VOP center

☐ Suspended After ____ ☐ for ____ at level ____    Crest / Work Rel / Home conf / VOP center

☐ Suspended After ____ ☐ for ____ at level ____    Crest / Work Rel / Home conf / VOP center

Followed by: ____ at level ____    Balance at level ____

☒ Consecutive to:    ☐ Concurrent with:

☐ Level 4 Sentence hold at:  3  4  5    ☐ Guilty but Mentally Ill, to be confined at Delaware Psychiatric Center (Delaware State Hospital) until competent.

**(CIRCLE ONE)**

COMMITMENT

**RELEASE**

DEFERRED COMMITMENT

**RESTIT.**

☐ TBD by AG ____ Days
☐ Determined by ISO
☐ Joint & Several w/co-deft
    (E) No

(Victim)

1. _____    AMOUNT: $____
2. _____    AMOUNT: $____
3. _____    AMOUNT: $____

**CONDITIONS**

☐ All Terms and Conditions Re-imposed
☐ Pay costs, fines, restitution
    ☐ Previously Ordered
    ☐ During Probation
    ☐ During / Within ____
☐ No Contact with ____

☐ Drug Court Standard Conditions
☐ Comm Serv ____ Hrs
☐ No Driving Per Statute:

Mitigating/Aggravating:    SB 50:

☐ Residential Drug/Alcohol
☐ Outpatient Drug/Alcohol
☐ 4177 DUI Program
☐ Alcohol Treatment
☐ Random Urinalysis
☐ Zero Tolerance
☐ Mental Health Eval
☐ Sub. Abuse Eval
☐ No Drugs/Alcohol Unless Medically Prescribed.

☐ Nolle Prosses entered on remaining charges.
☐ Nolle Prosses entered on Criminal Action Number(s)

☐ Parenting
☐ TASC Eval / Mong
☐ DVCC
☐ DHSS Conditions
☐ Anger Management
☐ Obtain GED
☐ Job Training
☐ Fully Employed
☐ Forfeit ____

Other Conditions

☐ TIER LEVEL ____
☐ SEX OFFENDER Registration per 11 Del C. § 4120-4122; 11 Del C. § 4336.
☐ 21 Del C. § 2718 (Felony Only)
☐ DNA Testing
☐ HIV Testing

2008 MAR 26 AM 11:45

PROTHONOTARY

FILED

November 19 2007

DEFENSE: I. Jilkmsm    DAG: ____    CLERK: Brown    CT. REPORTER/FTR: Verechia    PROBATION: ____    TASC: ____