IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PHILLIP-ALLEN a/k/a Phillip A. Dye and REBECCA-JANE, | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Civ. No. 08-491-SLR ) |
| FICTITIOUS FOREIGN STATE, STATE OF DELAWARE, and INDYMAC BANK OF FSB, | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM ORDER**

At Wilmington this 20th day of October, 2008, having screened the case pursuant to 28 U.S.C. § 1915;

IT IS ORDERED that the complaint is dismissed as frivolous and for failure to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B), for the reasons that follow:

1. **Background**. Plaintiffs appear pro se and have been granted leave to proceed in forma pauperis. They title their complaint "judicial notice: in the nature of writ of coram non judice & a demand for dismissal or state the proper jurisdiction & a demand for a reversal of judgment for conviction for lack of jurisdiction." (D.I. 2, 7)

2. **Standard of Review**. When a litigant proceeds in forma pauperis, 28 U.S.C. § 1915 provides for dismissal under certain circumstances. Section 1915(e)(2)(B) provides that the court may dismiss a complaint, at any time, if the action is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant immune from such relief. An action is frivolous if it "lacks an

arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

    3. In performing the court's screening function under § 1915(e)(2)(B), the court applies the standard applicable to a motion to dismiss under Fed. R. Civ. P. 12(b)(6). *Fullman v. Pennsylvania Dep't of Corr.*, No. 4:07CV-000079, 2007 WL 257617 (M.D. Pa. Jan. 25, 2007) (citing *Weiss v. Cooley*, 230 F.3d 1027, 1029 (7th Cir. 2000). The court must accept all factual allegations in a complaint as true and take them in the light most favorable to plaintiff. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, –U.S.–, 127 S.Ct. 1955, 1964 (2007); Fed. R. Civ. P. 8.

    4. A complaint does not need detailed factual allegations, however, "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 1965 (citations omitted). The "[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true (even if doubtful in fact)." *Id.* (citations omitted). Plaintiffs are required to make a "showing" rather than a blanket assertion of an entitlement to relief. *Phillips v. County of Allegheny*, 515 F.3d 224, 232 (3d Cir. 2008). "[W]ithout some factual allegation in the complaint, a claimant cannot satisfy the requirement that he or she provide not only "fair notice," but also the "grounds" on which the claim rests. *Id.*

(citing *Twombly*, 127 S.Ct. at 1965 n.3). Therefore, "'stating . . . a claim requires a complaint with enough factual matter (taken as true) to suggest' the required element." *Id.* at 235 (quoting *Twombly*, 127 S.Ct. at 1965 n.3). "This 'does not impose a probability requirement at the pleading stage,' but instead 'simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of' the necessary element." *Id.* at 234. Because plaintiffs proceed pro se, their pleading is liberally construed and their complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers. *Erickson v. Pardus*, –U.S.–, 127 S.Ct. 2197, 2200 (2007) (citations omitted).

5. **Discussion**. Plaintiffs "demand" that the court issue a "reversal of judgment order" in a case filed in the Superior Court of the State of Delaware, New Castle County, Civ. Case No. 05L-10-099 FSS. They allege the order is void and there was a lack of proper jurisdiction. Plaintiffs also demand a "reversal of judgment order" in a criminal case filed in the same court, Crim. Case No. 0111003230. They allege the order is void and it should be dismissed for lack of proper jurisdiction.

6. An exhibit submitted by plaintiffs indicates that on April 28, 2008, Indymac Bank was granted summary judgment in *Indymac Bank, F.S.B. v. Dye,* Civ. Case No. 05L-10-099 FSS (Del. Super. Ct.) and a money judgment was entered against plaintiffs in the amount of $168,167.04. A second exhibit, dated April 1, 2008, indicates that Phillip Dye (plaintiff Phillip-Allen's alias) was charged with several counts of violation of probation in March 2008.

6. **Rooker-Feldman Doctrine**. Under certain circumstances, the *Rooker-*

*Feldman* doctrine deprives a federal district court of jurisdiction to review a state court adjudication.[1] *Turner v. Crawford Square Apartments III, L.P.*, 449 F.3d 542, 547 (3d Cir. 2006). The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 284 (2005). Here, plaintiffs specifically ask the court to reverse matters filed in the Delaware State Court: a civil judgment and a criminal matter for violation of probation. Plaintiffs seek review and rejection of the Delaware state court judgments and decisions rendered against them. The claims fall under the purview of the *Rooker-Feldman* doctrine and, therefore, are barred. Plaintiffs' remedies lie in state court.

7. **Conclusion**. Based upon the foregoing analysis, the complaint is dismissed for failure to state a claim and as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B). Amendment of the complaint would be futile. *See Alston v. Parker*, 363 F.3d 229 (3d Cir. 2004); *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 111 (3d Cir. 2002); *Borelli v. City of Reading*, 532 F.2d 950, 951-52 (3d Cir. 1976).

                                                      _____
                                                  UNITED STATES DISTRICT JUDGE

---

[1] The Rooker-Feldman doctrine refers to principles set forth by the Supreme Court in *Rooker v. Fidelity Trust Co.*, 263 U.S. 413 (1923), and *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462 (1983).